UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY LYNN JONES, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-00160 |
| TERREBONNE PARISH | * | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

This petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 was referred to a United States Magistrate Judge for preliminary review and, if necessary, for conducting a hearing, including evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).[1]  Upon review of the entire record,[2] the Court has determined that a federal evidentiary hearing is unnecessary.

## I.    Factual and Procedural History

Petitioner, Terry Lynn Jones, Jr., is a pretrial detainee in custody at the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana.[3]  On December 3, 2021, Jones was charged by Bill of Information in Terrebonne Parish Criminal Case No. 21-FELY-837620 with possession of a firearm by a convicted felon, illegal possession of a stolen firearm, and aggravated assault with a firearm in violation of LA. REV. STAT. §§ 14:95.1, 14:69.1, and 14:37.4.[4]  According to the police report, on November 14, 2021, police responded to an incident at the J&N Truck Stop wherein the victim informed an officer that Jones, her ex-boyfriend, put a gun to her head and made repeated threats to kill her.[5]  Police located Jones in the passenger seat of the victim's

---

[1] ECF No. 12.
[2] ECF No. 15 (State Court Record filed electronically).
[3] ECF No. 5, ¶2(a).
[4] ECF No. 15 at 2, Bill of Information, 12/3/21.
[5] *Id.* at 58-60, Police Report, 11/14/21; *id.* at 61-62, Arrest Form, 11/14/21.

vehicle.[6]  When Jones refused to exit the vehicle, police removed him, and searched his person.[7]

Jones was advised of his *Miranda* rights.[8]  When he refused to listen to the warnings and was

uncooperative, police handcuffed Jones and placed him in the back of a police car.[9]  Officers

searched the victim's vehicle, with her permission, and located a Smith and Wesson M&O

Shield EZ 2.0 9mm in the glove box.[10]  One round was in the chamber.[11]  The magazine

containing seven rounds was found on the back floorboard of the vehicle.[12]  A search of the

National Crime Information Center revealed that the gun was stolen.[13]  The victim claimed that

the firearm was hers, and that Jones had previously stolen it from her, and had just used it to

threaten her.[14]  Jones was arrested for aggravated assault with a firearm and possession of a

firearm.[15]  It was determined that he is a convicted felon.[16]  At a hearing on November 15, 2021,

a magistrate judge found probable cause for each of the charges and set bond at $500,000.[17]

On December 3, 2021, Jones was formally charged by a bill of information.[18]  On

December 22, 2021, after the state trial court appointed the Office of the Public Defender to

represent him, Jones entered a plea of not guilty in the case.[19]  On January 5, 2022, Jones filed a

*pro se* motion to quash his arrest and to dismiss the charges.[20]  Jones's counsel filed omnibus

---

[6] *Id.* at 60, 61.

[7] *Id.* at 62.

[8] *Id.* at 60, 62.

[9] *Id.*

[10] *Id.* at 60.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 60, 61.

[14] *Id.* at 60.

[15] *Id.* at 60, 62.

[16] *Id.*

[17] *Id.* at 4, Minute Entry, 11/15/21; *id.* at 5, Probable Cause Determination, 11/15/21; *id.* at 44, Minute Entry, 11/15/21.

[18] *Id.* at 2, Bill of Information, 12/3/21.

[19] *Id.* at 46, Minute Entry, 12/22/21; *id.* at 10, Notice, 12/28/21.

[20] *Id.* at 6-9, Motion to Quash, 1/5/22.

motions.[21]   Jones's motion to quash was taken up at a hearing on March 16, 2022.[22]   A preliminary examination was held on April 7, 2022, after which the state trial court found probable cause to hold Jones until trial.[23]

The trial in this matter has been continued numerous times upon joint motion of the parties.[24] According to the State, the trial is currently set for June 26, 2023.[25]

## II.    Federal Habeas Petition

On January 5, 2023, after correction of certain deficiencies, the clerk of court filed Jones's federal habeas petition in which he asserts the following grounds for relief:  (1) he was falsely arrested in violation of the Fourth Amendment; (2) he is being falsely detained in violation of the Fifth Amendment; (3) he is actually innocent of the charges; and (4) his counsel is inadequate and has failed to file any motions or assist in his defense.[26]

As relief, Jones states, "I would like someone to look into this matter.  I'm being falsely accused.  Illegally held.  My life and liberty is being deprived.  And I have inadequate counsel. Numerous constitutional rights of mine are being violated. Please help.  Anything will be greatly appreciated."[27]   Broadly construing his pleadings, and considering his state court motion to quash his arrest and dismiss the charges, it appears that Jones seeks dismissal of the charges based on his claim of actual innocence.

---

[21] *Id.* at 11-17, Motion for Bill of Particulars, Motion and Order for Discovery and Inspection, Motion for Production of Initial Report, Motion for Reserving Right to File Motion to Suppress After Discovery, Motion for Production of Warrants and Supporting Affidavits, Motion for Production of the Report of Crime Scene Examinations, and of the Reports and Underlying Date of Scientific Examinations, Motion for Preliminary Examination, undated.

[22] *Id.* at 48, Minute Entry, 3/16/22.

[23] *Id.* at 49, Minute Entry, 4/7/22.

[24] *Id.* at 50, Minute Entry, 4/11/22; *id.* at 51, Minute Entry, 6/27/22; *id.* at 52, Minute Entry, 8/8/22; *id.* at 53, Minute Entry, 10/17/22; *id.* at 54, Minute Entry, 10/20/22; *id.* at 55, Minute Entry, 12/5/22; *id.* at 56, Minute Entry, 2/27/23.

[25] ECF No. 14, at 4.  The state court record does not include a copy of the April 12, 2023 proceedings at which time the trial was reset for June 26, 2023.  *See id.* at n.2.

[26] ECF No. 5 ¶¶ 13-15.

[27] *Id.* ¶ 15 at 8.

The State filed an opposition to Jones's petition asserting that Jones failed to exhaust state court review of his claims.[28]   The State argues that the court should abstain from review of the petition.[29]

### III.   Subject Matter Jurisdiction Under § 2241

A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws . . . of the United States."[30]   A petitioner must be in custody at the time the petition is filed for the state criminal matter under attack.[31]   A pretrial petitioner who has not yet been tried for the offense in question has a right, albeit limited, to invoke federal habeas relief under § 2241.[32]   The scope of the limited review turns on the type of relief sought.[33]   A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances."[34]   However, "an attempt to force the state to go to trial" may proceed, but only after exhaustion of state remedies.[35]

### IV.   Discussion

Jones's custody awaiting trial on the pending Terrebonne Parish criminal charges is challenged in this case.[36]   The court therefore has subject matter jurisdiction and may address his claims only if Jones has exhausted available state court remedies and seeks pretrial relief that can be provided by a federal court under § 2241.

---

[28] ECF No. 14, at 5-6.

[29] *Id.* at 6.

[30] 28 U.S.C. § 2241(c)(3).

[31] *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)); *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (citation omitted).

[32] Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 488-89 (1973).

[33] *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

[34] *Braden*, 410 U.S. at 489, 492 n.5 & 493.

[35] *Brown*, 530 F.2d at 1282-83 (citing *Tooten v. Shevin*, 493 F.2d 173 (5th Cir. 1974)).

[36] *See* ECF No. 5 ¶ 13, at 8 (citing the 6th Amendment right to speedy trial).

### A.  **Improper Federal Habeas Relief Sought**

As discussed, Jones appears to seek dismissal of the charges against him.  However, the quashing and/or dismissal of the charges is not an available remedy for a speedy trial challenge in federal habeas under § 2241.  Federal habeas corpus relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial."[37]  Instead, a state detainee may raise a speedy trial claim under § 2241 only to force the State to bring him speedily to trial, not to dismiss the charges.[38]

Jones has not requested an order for the State to take him to trial.  Rather, he requests dismissal of the charges.  Thus, he fails to seek the type of relief available to him under § 2241. His petition should be dismissed for this reason.

### B. **Failure to Exhaust**

While there is no express exhaustion requirement in § 2241, a federal court should not exercise its habeas jurisdiction if the issues raised in a petition can be resolved on the merits in the state courts or by some other state procedures available to the petitioner.[39]  The exhaustion doctrine is applied to § 2241 as a matter of comity and is based on federalism grounds to protect the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process.[40]

The exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to each level of the state courts, including the state's highest court, in

---

[37] *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Braden*, 410 U.S. at 489-92; citing *Brown*, 530 F.2d at 1283).

[38] *Brown*, 530 F.2d at 1283 (citing *Braden*, 410 U.S. at 484).

[39] *Dickerson*, 816 F.2d at 225; *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003) (citations omitted); *Greer v. St. Tammany Par. Jail*, 693 F. Supp. 502, 508 & n.31 (collecting cases) (E.D. La. 1988); *see also Braden*, 410 U.S. at 489-92.

[40] *Dickerson*, 816 F.2d at 225 (citations omitted).

a procedurally proper manner.[41]  To have exhausted review in the state courts, Jones must have fairly presented all of the same federal claims and legal theories he urges in this federal action to the state courts through the Louisiana Supreme Court.  While the record reflects that Jones moved to quash his arrest and dismiss the charges against him, it does not appear that he filed a writ application in the Louisiana First Circuit seeking review of the state trial court's probable cause ruling.  In fact, the Louisiana Supreme Court denied Jones's lone writ application for that same reason on April 18, 2023, stating:

> Writ application not considered - Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the "extraordinary circumstances" that would justify bypassing that level of review. La. S. Ct. R. X § 5(b).[42]

Jones has not exhausted state court review of his constitutional challenges to his ongoing prosecution.  His claims should be dismissed for this reason.  Even if a court were to find that Jones has exhausted, or seeks to overlook that requirement, for the reasons that follow, he is not entitled to the relief he seeks, and the court should abstain from addressing his pretrial claims.

### C. Abstention

In a § 2241 action, the exhaustion requirement may be obviated only when "special circumstances" exist.[43]  A federal court should not interfere in pending state court criminal proceedings absent special circumstances that involve the threat of "irreparable injury" that is "both great and immediate."[44]  "Special circumstances" are those on which a "federal court cannot await a final ruling by [a] state court[ ], because the integrity of a federal right is

---

[41] *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

[42] *State v. Jones*, --- So. 3d ----, No. 202300155, 2023 WL 3010892, at * 1 (La. 4/18/23).  The state court record does not include the related writ application.

[43] *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten*, 493 F.2d at 177.

[44] *Younger v. Harris*, 401 U.S. 37, 46 (1971) (citing *Fenner v. Boykin*, 271 U.S. 240 (1926)).

threatened."[45] "Three sets of circumstances typically qualify as 'special': (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."[46]

"[S]pecial circumstances are not necessarily established by the alleged infallibility of the federal claim."[47]  Thus, even if a petitioner is correct regarding the viability of his defenses in the state criminal action, special circumstances are not present where the "threat to the [petitioner's] federally protected rights can be eliminated by the defense of a single criminal prosecution" in state court because the state court is "surely capable of recognizing and vindicating [the petitioner's] position."[48]  In other words, if the state processes can provide an adequate remedy, no special circumstance exists for federal intervention under § 2241.

For these reasons, where a petitioner's state criminal charges are still pending, the Federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case.[49]  Likewise, under the *Younger* doctrine, a federal court must abstain when "'(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate

---

[45] *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018) (citing *Savoy v. Gusman*, No. 15-4906, 2016 WL 1411310, at *4 (E.D. La. Mar. 1, 2016), *R.&R. adopted*, No. 15-4906, 2016 WL 1393517 (E.D. La. Apr. 8, 2016) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886))); *see also Champer v. Florida*, No. 14-1966, 2014 WL 7070079, at *2 (M.D. Fla. Dec. 15, 2014) (citing *Younger*, 401 U.S. at 37) ("special circumstances" under § 2241 usually require a showing of "immediate and irreparable injury").

[46] *Vassar-El*, 2018 WL 4462544, at *2 (citing *Champer*, 2014 WL 7070079, at *2).

[47] *Tooten*, 493 F.2d at 177.

[48] *Id*.

[49] *See Younger*, 401 U.S. at 41, 53-54; *see also Walck v. Edmondson*, 472 F.3d 1227, 1232-33 & n.3 (10th Cir. 2007); *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999).

separately articulated state policies.'"[50]

Under the first *Younger* factor, the pleadings and records reflect that the criminal proceedings against Jones are ongoing and pending in Terrebonne Parish in Case No. 21-FELY-837620. This factor favors abstention.

Second, the State of Louisiana most certainly has available means for review of any pretrial rulings by the state trial court.[51] As discussed above, Jones has not exhausted state court review of any of his pretrial claims. Further, the State of Louisiana has an available process for pretrial review of his constitutional challenges to the propriety of his prosecution. He may also preserve these challenges for appeal after trial, should he be convicted in the pending case. This factor also favors abstention.

Finally, under the third *Younger* factor, the criminal proceedings against Jones clearly involve matters of state criminal law and the State's interests in correcting criminal behavior (possession of a firearm by a convicted felon, illegal possession of a stolen firearm, and aggravated assault with a firearm) occurring within its borders. The prosecution will rely on state statutory and evidentiary rules to prosecute in an attempt to prove the charges against Jones. This factor also favors abstention.

In sum, each of the *Younger* considerations favors abstention at this time. Jones has shown no basis for this Court to interfere with the ongoing state criminal proceedings in Terrebonne Parish. Comity justifies this federal court's abstention from adjudicating Jones's affirmative defenses to the pending state criminal charges prior to the state courts' entry of a final judgment of conviction.[52]

---

[50] *Walck*, 472 F.3d at 1233 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 532 (1982)).

[51] *See* La. S. Ct. Rule X, §§ 1-8; *see also* La. App. Rule 4.

[52] *Middlesex Cnty.*, 457 U.S. at 431-32, *see also Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *Calihan v.*

While "extraordinary circumstances" may justify intervention for speedy trial grounds, there is no reason to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."[53]   In Jones's case, his substantive challenges to his pending criminal charges "may be remedied by [a] decision on the merits [by the state courts,] so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits."[54]   There is nothing in the record to prompt the court's interference with the ongoing processes.

Thus, Jones is not entitled to pretrial review by this federal habeas court without exhaustion, and he certainly has not established his entitlement to have this court excuse his failure to exhaust and interfere with the ongoing state court proceedings.[55]   Jones failed to establish any exception to the abstention doctrine that would warrant interference with his ongoing criminal proceeding by means of dismissal of the charges against him.   He is not entitled to federal habeas review under § 2241 at this time.

**D. <u>Summary</u>**

Jones seeks relief from this court that is unavailable to a pretrial habeas petitioner under § 2241.   Further, he has not exhausted state court review of his constitutional challenges to his ongoing prosecution.   Even if a court were to find exhaustion, the court should abstain from interfering in the ongoing state criminal proceeding at this time.   For these reasons, his petition must be dismissed without prejudice to his ability to pursue his claims in the proper forum.

---

*Superior Ct.*, 158 F. App'x 807, 2005 WL 3397360, at *1 (9th Cir. Dec. 12, 2005) (citations omitted) (principles of comity and federalism require the federal courts to abstain from addressing speedy trial challenges that do not fall into one of these exceptions.)

[53] *See Braden*, 410 U.S. at 488-89, 493.  In *Braden*, the specific remedy sought was for the State of Kentucky to set a prompt trial date as required by the speedy trial requirements of the Constitution.

[54] *Atkins*, 644 F.2d at 546 (citing *U.S. v. MacDonald*, 435 U.S. 850 (1978)).

[55] *Id.* at 546-47; *see also Hill v. Michigan*, No. 07-271, 2007 WL 1893911, at *1-2 (W.D. Mich. July 2, 2007) *(*finding "no exceptional circumstances" to justify consideration of a pretrial petition where the petitioner sought to have the federal habeas court dismiss a criminal charge brought against him) (citation omitted).

## **<u>RECOMMENDATION</u>**

For the foregoing reasons, **IT IS RECOMMENDED** that Terry L. Jones's petition for habeas corpus relief considered under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for seeking unavailable relief, for failure to exhaust, and because the court otherwise abstains from considering his claims at this time.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[56]

New Orleans, Louisiana, this ___15th___ day of May, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[56] *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.